**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAMIEN MAURICE HARRIS,

      Plaintiff,

      v.                                CASE NO. 18-3221-SAC

ANDREW PALM, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On May 29, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until June 28, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff until June 28, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies. Plaintiff has failed to respond to the MOSC by the deadline.

In the MOSC, the Court found that Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause. The Court also found that Plaintiff failed to allege personal participation by the wardens in the deprivation of his constitutional rights. The Court also found that Plaintiff's alleged verbal threats do not suggest a show of deadly force, thus failing to create "terror of instant and unexpected death." "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being

1

subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Ragland v. Romer*, 73 F.3d 374 (10th Cir.), *cert. denied*, 518 U.S. 1025 (1996) ("Courts have consistently held that acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").

The Court also found that there is no constitutional right to an administrative grievance system and Plaintiff's claims regarding dissatisfaction with the grievance system fail to state a claim; and Plaintiff's allegations of denial of medical care and delay in treatment are subject to dismissal for failure to state a claim. Plaintiff's allegations of delay in treatment do not allege deliberate indifference resulting in substantial harm. Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of July, 2019.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
